# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

ANDRE LYNEAL WALLACE                                   PETITIONER

V.                                CIVIL CASE NO. 3:19-cv-00051-HSO-JCG

WARDEN RIVERS                                          RESPONDENT

## REPORT AND RECOMMENDATION

BEFORE THE COURT is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [1] filed *pro se* by Petitioner Andre Lyneal Wallace, a federal inmate confined at the Federal Correction Complex in Yazoo City, Mississippi (FCI Yazoo). Respondent, FCI Yazoo's Warden Rivers, has filed a Response in Opposition [17], and Petitioner a Reply [18]. Having considered the parties' submissions and applicable law, the undersigned recommends that Wallace's Petition be denied.

## BACKGROUND

Petitioner was arrested on April 14, 2009, by Alabama state authorities for an armed bank robbery that occurred in March 2009. [17-1] at 1. Alabama state authorities charged Petitioner with robbery, but the state charge was dismissed after Petitioner pleaded guilty to federal charges. [17-2] at 4. The State of Alabama revoked Petitioner's parole for two prior robberies and maintained custody of Petitioner while he served the remainder of his state-imposed sentence. [17-1] at 1.

On November 10, 2009, while in state custody, Petitioner was transferred to the temporary custody of the U.S. Marshals Service and held for federal sentencing. *Id.* at 2. On April 29, 2010, the United States District Court for the Northern

District of Alabama sentenced Petitioner to 177-months imprisonment, followed by 60 months supervised release, for the crimes of armed bank robbery, discharging a firearm during a crime of violence, and felon in possession of a firearm. *Id.*; *see United States v. Wallace,* Case No. 2:09-cr-453-VEH-JHE (N.D. Ala. Apr. 29, 2010). The District Court ordered the term of imprisonment to be served consecutively to the sentences imposed in Jefferson County, Alabama, Case Numbers CC98-1556 and CC98-1557, and any impending sentence imposed in Jefferson County, Alabama Case Number CC09-1493. [17-1] at 2. On September 10, 2012, Petitioner was paroled by the State of Alabama and released to the custody of the U.S. Marshals Service to begin servicing his federal sentence. *Id.*

In this proceeding, Petitioner asserts that he is entitled to a credit against his federal sentence for "all the time I spent in illegal federal custody when I suppose to have been on state parole til my state sentence was successfully completed without interruption." [6-1] at 6. Petitioner argues that his state sentence "did not end September 10, 2012" when he was paroled but instead ended on May 23, 2018. [18] at 2. He seeks "[t]he reward of time from the date Wallace parole until the completion of his state sentence against his federal sentence that should end his federal sentence." [1] at 5.

## DISCUSSION

An inmate may challenge the execution of his federal sentence through a § 2241 petition in the district of his confinement. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000). 18 U.S.C. § 3585 governs the calculation of the length of a

federal criminal sentence. The Attorney General's authority to compute sentences has been delegated to the Bureau of Prisons (BOP). "A sentence to a term of imprisonment commences on the date the defendant is received into custody awaiting transportation to ... the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).

While Petitioner was sentenced in federal court on April 29, 2010, his federal term of imprisonment did not commence until September 10, 2012 – the date the U.S. Marshals Service received exclusive, primary custody of him for transfer to BOP for service of his federal sentence. The State of Alabama obtained primary jurisdiction when it arrested Petitioner on April 14, 2009 and never relinquished custody until releasing Petitioner via parole on September 10, 2012. Petitioner is not entitled to credit against his federal sentence for the period he was in temporary custody of the U.S. Marshals from November 10, 2009, to May 7, 2010. This period was credited against Petitioner's state-imposed sentence.

Because the federal sentence was ordered to run consecutive to Petitioner's state-imposed sentence, BOP began Petitioner's 177-month sentence on September 10, 2012, the day Petitioner was paroled from his state-imposed sentence and came into exclusive federal custody. [17-1] at 3. Petitioner asks that the period of September 10, 2012 through May 23, 2018 be counted against his federal sentence, but this time has already been credited against Petitioner's federal sentence. Petitioner's position that his federal sentence should have expired on May 23, 2018 is without legal support. Wallace's Petition [1] should be dismissed.

## NOTICE OF RIGHT TO APPEAL

Under Rule 72(a)(3), Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file with the Clerk any written objections to it. Within seven days of service of objections, the opposing party must either serve and file a response or notify the District Judge that he does not intent to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fail to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 23rd day of March, 2021.

s/ *John C. Gargiulo*
_____
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE