IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| **ANDRE LYNEAL WALLACE** | § | **PETITIONER** |
| | § | |
| | § | |
| v. | § | Civil No. 3:19cv51-HSO-JCG |
| | § | |
| | § | |
| **WARDEN RIVERS** | § | **RESPONDENT** |

## ORDER OVERRULING PETITIONER'S OBJECTION [24], ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [23], AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS [1]

This matter comes before the Court on Petitioner Andre Lyneal Wallace's Objection [24] to the Report and Recommendation [23] of United States Magistrate Judge John C. Gargiulo, which recommends denial of Petitioner's Petition [1] for Writ of Habeas Corpus.  After due consideration of Petitioner's Objection [24], the Magistrate Judge's Report and Recommendation [23], the record, and relevant legal authority, the Court finds that the Petitioner's Objection [24] should be overruled, that the Report and Recommendation [23] should be adopted, and that Petitioner's Petition for Writ of Habeas Corpus [1] should be dismissed.

I.   BACKGROUND

A.   Factual background

On April 14, 2009, Petitioner Andre Lyneal Wallace ("Petitioner" or "Wallace") was arrested in Birmingham, Alabama, for a robbery that had occurred on March 16, 2009.  *See* Ex. [17-1] at 1.  Wallace was held in custody on parole

violation charges related to two prior robberies in case numbers CC98-1556 ("Case 1556") and CC98-1557 ("Case 1557"), and on May 18, 2009, Wallace's parole was revoked in both cases. *See id.* Wallace remained in continuous state custody from April 15, 2009, through September 10, 2012, when was he paroled by the State of Alabama. *See id.*

While in state custody, Wallace was indicted by a federal grand jury for armed bank robbery, discharging a firearm in relation to a crime of violence, and possession of a firearm by a convicted felon (the "federal case"). *See id.* at 2. Wallace was transferred to the temporary custody of the United States Marshals Service pursuant to a federal writ of habeas corpus *ad prosequendum* for an arraignment hearing on November 12, 2009. *See id.*; Ex. [17-4] at 2.

Wallace was sentenced in the federal case on April 29, 2010, to a 177-month term of imprisonment to run consecutively to his state sentences imposed in Cases 1556 and 1557. *See* Ex. [17-1] at 2; Ex. [17-6] at 3. On May 7, 2010, the United States Marshals Service returned Wallace to Alabama state authorities in order to complete his state sentence. *See* Ex. [17-1] at 2. Wallace completed his Alabama state sentence on September 10, 2012, and state authorities transferred him to the custody of the United States Marshals Service to begin serving his federal sentence. *See id.*

In 2017, Wallace requested that the BOP retroactively designate his state prison as his place of confinement for his federal sentence, such that the state and federal sentences would run concurrently. *See id.* at 3. The BOP reviewed

Wallace's request and concluded that a retroactive nunc pro tunc designation would be improper, *see id.*, but determined that he was entitled to one day of jail credit toward his state sentence and thus awarded him a one-day credit toward his federal sentence, *see id.* at 2.

B.  Procedural history

Wallace has submitted a Petition for Writ of Habeas Corpus [1] under 28 U.S.C. § 2241, which was filed in this Court on January 18, 2019.  *See* Pet. [1] at 1, 5.  Wallace asserts that the BOP failed to properly credit him for time served while in state custody from September 10, 2012, to May 23, 2018.  *See id.* at 1-2, 4-5; Reply [18] at 2.  Respondent argues that the Petition should be denied because the BOP "calculated Wallace's sentence correctly and did not abuse its discretion by denying Wallace's request for a *nunc pro tunc* designation."  Resp. [17] at 1.

On March 23, 2021, the Magistrate Judge entered a Report and Recommendation recommending that the Petition be dismissed.  R. & R. [23] at 3. The Magistrate Judge found that Wallace's position that his federal sentence should have expired on May 23, 2018, was without legal support.  *See id.*  Wallace has filed an Objection [24] to the Report and Recommendation, maintaining that he had been granted parole by the State of Alabama Parole Board and that the BOP should have credited his federal sentence for time that he spent in state custody on a parole violation.  Obj. [24] at 1-5.

II.  DISCUSSION

A.   Standard of review

Because Petitioner has filed a written Objection to the Magistrate Judge's Report and Recommendation [23], the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  "Such review means that this Court will examine the entire record and will make an independent assessment of the law."  *Lambert v. Denmark*, Civil No. 2:12-cv-74-KS-MTP, 2013 WL 786356, *1 (S.D. Miss. Mar. 1, 2013).  In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

Having conducted a de novo review of the record, the Court agrees with the conclusions reached by the Magistrate Judge and will overrule Wallace's Objection.

B.   Analysis

The record reflects that from the time Wallace was arrested by state law enforcement officers for robbery on April 14, 2009, *see* Ex. [17-1] at 1, he remained in the primary custody of the State of Alabama until he completed his state sentences and was transferred to the custody of the United States Marshals Service on September 10, 2012, to commence his federal sentence, *see* 18 U.S.C. § 3585(a) (providing that federal inmate's "sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at

4

which the sentence is to be served."). Every indication in the record is that the time Wallace spent in state custody from the date of his arrest until he was taken into federal custody on September 10, 2012, other than the one day that was subsequently applied to the federal sentence, was credited toward his state sentences. *See* Ex. [17-1] at 2-3.

Wallace's transfer pursuant to a writ of habeas corpus *ad prosequendum* for an arraignment hearing on his federal charge did not place him in the primary custody of federal authorities and was only a "loan" from the state to federal jurisdiction. *See Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980); *see also Zerbst v. McPike*, 97 F.2d 253, 254 (5th Cir. 1938). A person arrested by a state and temporarily transferred to federal custody pursuant to a writ of habeas corpus *ad prosequendum* is considered to remain in the primary jurisdiction of the state unless and until it fully relinquishes jurisdiction over the person. *See Causey*, 621 F.2d at 693; *Richardson v. Outlaw*, 274 F. App'x 353, 353 (5th Cir. 2008).

To the extent Wallace seeks credit against his federal sentence for the time he spent in state custody, "[t]he Attorney General, through the Bureau of Prisons (BOP), determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) (citing *United States v. Wilson*, 503 U.S. 329, 331-32 (1992)). According to 18 U.S.C. § 3585(b),

> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b). According to the United States Supreme Court, this statute expressly prohibits awarding a prisoner "double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992).

Wallace's federal sentence was imposed after his state sentences had already been imposed, and the district court ordered Wallace's federal sentence to be served consecutively to the sentences in his state parole violation Cases 1556 and 1557. *See* Ex. [17-1] at 2; Ex. [17-6] at 3. Given the intent of the federal sentencing court that the federal sentence run consecutively to the state court sentences, as well as the lack of statutory entitlement to credit for the state sentences, to the extent the BOP retained discretion to make a nunc pro tunc designation, it did not abuse its discretion in declining to do so. *See generally Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010); *see also* Ex. [17-14] at 2 (BOP letter to Wallace informing him he was not eligible for retroactive designation).[1]

Having conducted the required de novo review, the Court agrees that Wallace has properly received any custody credit to which he is entitled, and the BOP did not abuse its discretion in denying Wallace's nunc pro tunc designation request.

---

[1] To the extent Wallace's request to the BOP for a nunc pro tunc designation that would effectively reduce his term of imprisonment could be construed a request for clemency, such discretionary clemency power is vested in the executive branch. *Hunter v. Tamez*, 622 F.3d 427, 431 (5th Cir. 2010).

The Court will overrule Wallace's Objection [24], adopt the Magistrate Judge's Report and Recommendation [23], and dismiss the Petition [1].

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Objection [24] filed by Petitioner Andre Lyneal Wallace in this case is **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [23] of United States Magistrate Judge John C. Gargiulo, entered in this case on March 23, 2021, is **ADOPTED** as the opinion of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Andre Lyneal Wallace's Petition for Writ of Habeas Corpus [1] is **DISMISSED**.

**SO ORDERED AND ADJUDGED**, this the 18th day of May, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE